**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-2124

LEONEL KELSI MOLINA MENDEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 28, 2024                                    Decided: April 1, 2024

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Leonel Kelsi Molina Mendez, Petitioner Pro Se.  Lisa Morinelli, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonel Kelsi Molina Mendez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals denying his untimely motion to reopen. Upon review of the parties' arguments, considered in conjunction with the administrative record and the relevant authorities, we conclude that the Board did not abuse its discretion in denying the motion. *See Lazo-Gavidia v. Garland*, 73 F.4th 244, 247 (4th Cir. 2023) (explaining that, while we review the overall denial of a motion to reopen for an abuse of discretion, questions of law are reviewed de novo), *petition for cert. filed*, No. 23-628 (Dec. 11, 2023).

Specifically, Molina Mendez sought reopening to challenge the agency's authority to conduct his removal proceedings based on the Department of Homeland Security's failure to identify the date, time, and place of Molina Mendez's initial hearing in the charging Notice to Appear (NTA). However, as the Board explained, such a contention is foreclosed by Board precedent, *see In re Arambula-Bravo*, 28 I. & N. Dec. 388, 389 (B.I.A. 2021) (rejecting noncitizen's argument "that the Immigration Court lacked jurisdiction over her removal proceedings . . . because she was served with an NTA that did not include the time and place of her initial removal hearing"), which is consistent with this court's rulings on the issue, *see United States v. Cortez*, 930 F.3d 350, 358-66 (4th Cir. 2019) (holding that an NTA's failure to include the date or time of the hearing does not implicate the immigration court's jurisdiction or adjudicative authority); *see also United States v. Vasquez Flores*, No. 19-4190, 2021 WL 3615366, at *2 n.3 (4th Cir. Aug. 16, 2021) (argued but unpublished) (reaffirming *Cortez* after considering *Niz-Chavez v. Garland*, 593

2

U.S. 155 (2021)).  Nor do we discern any error in the Board's broader ruling that *Niz-Chavez* simply was not relevant on the facts of this case.

Accordingly, we deny the petition for review for the reasons stated by the Board.[*] *See In re Molina Mendez* (B.I.A. Sept. 28, 2023).  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

---

[*] We observe that Molina Mendez does not address either of the Board's other relevant rulings, to wit:  (a) that the motion to reopen was not timely, as it was filed more than five years after Molina's case was last before the Board, and Molina did not satisfy any of the exceptions to the one-year time limit for reopening; and (b) that sua sponte reopening was not warranted.  Accordingly, we hold that these issues are forfeited.  *See* Fed. R. App. P. 28(a)(8)(A); *Ullah v. Garland*, 72 F.4th 597, 602 (4th Cir. 2023) (explaining that a party forfeits appellate review of those issues and claims not raised in the party's briefs).